---

### In re LOLL.

(District Court, D. Connecticut. June 10, 1908.)

#### No. 1,952.

BANKRUPTCY—ADVERSE CLAIM TO PROPERTY—ESTOPPEL.

> To establish an effective estoppel, there must have been a situation where positive and clear loss has followed the acts complained of; and the fact that at a meeting of creditors of a bankrupt where a composition was under consideration one having title to certain property then in the possession of the trustee which he could have enforced kept silence in respect to his right will not estop him to assert the same after the composition has been rejected.

In Bankruptcy. On petition for review of decision of Referee Newton.

Henry T. King and G. L. King, for the trustee.
A. B. Aubrey, for Grady & Co.

PLATT, District Judge. Upon the facts in this case it is clear that Grady & Co. could have taken the bicycles in question from an attaching creditor prior to bankruptcy. At the oral hearing this was practically admitted, and disposes of pretty much all that the referee decided.

The point pressed is that the actions of Grady & Co. since bankruptcy began have placed them in a position whereby they are estopped from asserting the title which they might have formerly enforced. Estoppels are not favored, as this court has frequently said. It is imperative that, in order to properly apply the principle, there must be a situation where positive and clear loss has followed the acts complained against.

Mr. Grady was present at two creditors' meetings, and favored a settlement. At the March 3, 1908, meeting an offer of composition at 30 per cent. was filed, and Mr. Grady, for his firm, deposited a check for $250 to help carry the matter through. He kept still about the bicycles sent by his company, which were then in the bankrupt's store uncrated. They were worth $172. His unsecured balance was $51.36. The composition offer was withdrawn on March 9, 1908, and on March 13, 1908, Grady & Co. claimed the bicycles in dispute.

We will assume that he remained silent about his right to take the bicycles intentionally. I cannot see how his silence harmed the creditors. The estate now, minus the bicycles, will only pay 10 per cent. The creditors had a chance when the offer of composition was open to get 30 per cent. They deliberately threw away the cake which was offered to them, and now, in a state of hunger which is the result of their own poor judgment, ask to have the cake wiped off, and put back in their mouths.

I think that the referee acted with excellent judgment in the entire matter, and that his order with regard to the bicycles should be executed forthwith.